IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 4:25-cr-00142 |
| v. | ) | |
| TYLER BOYD PAVLICK, | ) | GOVERNMENT'S SENTENCING MEMORANDUM |
| Defendant. | ) | |

## INTRODUCTION

Tyler Pavlick hid mini-cameras inside porta-potties at multiple Central Iowa events in September and October 2025. He carefully placed the cameras inside the tanks and angled them upward through the seat openings to capture the bare genital, anus, and pubic area of users. Pavlick targeted events with minors. On September 23, Pavlick placed a camera at co-ed middle school and high school cross country meet in State Center. On September 30, he placed a camera at a co-ed middle school and high school cross country meet in Osceola. On October 4, he placed a camera at an arts, crafts, and harvest event in Des Moines. And he placed cameras inside porta-potties at unidentified locations on September 28 and October 2.

Pavlick captured sexually explicit imagery of 29 identified minors and many more minors who have not been identified. Additionally, he captured imagery of adults also using the toilets. When police searched Pavlick's Des Moines apartment on October 15, 2025, they found not only some of the hidden camera footage on his devices, but additional images of child pornography.

## GUIDELINES CALCULATION, RESTITUTION, AND OTHER MATTERS

Both parties agree with the guidelines calculation set out in the PSR: total offense level 43 with a criminal history category I. Because Pavlick pled guilty to four counts, his guideline becomes the statutory maximum for the counts combined: 1,320 months in prison. Counts 1, 5 and 9 each carry a mandatory minimum of 180 months and statutory maximum of 360 months. Count 13 has a 240-month maximum.

There are no guidelines matters or contested factual matters for this Court to resolve.

At present, two victims have submitted victim impact statements. Both statements have been provided to the probation officer. One victim (Minor Victim #7) requested restitution. That restitution request was received after disclosure of the revised presentence report. It has been provided to the probation officer. The government requests that $3,000 restitution be ordered to Minor Victim #7. The government will alert the probation office if any additional restitution requests are submitted prior to sentencing.

The Court should order forfeiture of electronic items consistent with the preliminary order of forfeiture. (R. Doc. 40.)

## THE § 3553(a) FACTORS SUPPORT A GUIDELINE SENTENCE

The sentencing statutes inform this court that it must impose a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to

afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). The court, in determining the sentence to be imposed, shall also consider the nature and circumstances of the offense and the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1). The sentence must "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). The government will ask the district court to sentence the Defendant based upon an advisory guideline of 1,320 months. The government recommends a guideline sentence.

Pavlick's conduct was disturbing, repeated, and calculated. Over the course of two weeks in the fall of 2025, Pavlick placed cameras inside porta-potties at five different events with the intent of creating and maintaining visual depictions of minors lasciviously exhibiting their anus, genitals, or pubic area. (PSR ¶¶ 13-15.) Pavlick successfully obtained his desired footage of several dozen minors. (PSR ¶¶ 20, 25, 30.) Unsurprisingly, beyond his self-created imagery from the porta-potties, Pavlick also possessed imagery of additional child sexual abuse material (CSAM) on his electronic devices. (PSR ¶¶ 35, 41, 45.)

## CONCLUSION

Pavlick's conduct was extensive, involved dozens of victims, and is indicative of a deviant interest in children. A significant sentence is necessary to reflect the seriousness of the offenses, provide just punishment, afford adequate deterrence, avoid unwarranted sentencing disparities, and protect the public from his further crimes.

Respectfully submitted,

David C. Waterman
United States Attorney

By: */s/Adam J. Kerndt*
Adam J. Kerndt
Assistant United States Attorney
Neal Smith Federal Building
210 Walnut Street, Suite 455
Des Moines, Iowa 50309
Tel: (515) 473-9300
Email: Adam.Kerndt@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2026, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record by:

____U.S. Mail ______ Fax ______Hand Delivery

_X___ECF/Electronic filing ____Other means

UNITED STATES ATTORNEY
By: */s/Adam Kerndt*
AUSA